93 So.2d 90 (1957)
Edise M. THOMPSON, Appellant,
v.
Edmund B. THOMPSON, Appellee.
Supreme Court of Florida, Special Division A.
February 27, 1957.
*91 Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellant.
Joseph C. Black, Jacksonville, for appellee.
ROBERTS, Justice.
This is an appeal from an order entered in a proceeding brought under the Uniform Reciprocal Enforcement of Support Law, Ch. 29901, Acts of 1955, appearing as Ch. 88, Fla. Stat. 1955, F.S.A. (the "1955 Florida Act" hereafter).
The facts are not controverted and are as follows: the appellant and the appellee were divorced in 1953 by a decree of the Circuit Court of Volusia County, Florida, the decree providing for the payment to the appellant wife of $20 per week for alimony and support of the minor child of the parties pursuant to an agreement of the parties. The appellant is a resident of the State of Connecticut and the appellee resides in Jacksonville, Duval County, Florida. Connecticut has a Uniform Reciprocal Enforcement of Support Law, Ch. 415b, Conn. Gen. Stat., 1953 Supp. (referred to hereafter as "the Connecticut Law") substantially similar to the 1955 Florida Act, supra.
In 1954 the appellant sought to utilize the provisions of the Connecticut Law and the Florida Uniform Support of Dependents Law, Ch. 27996, Acts of 1953 (then in effect but since repealed by the 1955 Florida Act, supra), to enforce the appellee's duty of support decreed by the 1953 Volusia County divorce decree. Her petition was referred by the Connecticut court to the Circuit Court of Duval County (the place of appellee's residence) and was by *92 that court dismissed on the ground that the Volusia County Circuit Court divorce decree "supersedes the decree entered by the Common Pleas Court, State of Connecticut." No appeal was taken from the order of dismissal entered in the 1954 proceedings.
In 1955 the instant proceedings were initiated in the Connecticut court by appellant under the provisions of the Connecticut Law and the 1955 Florida Act, seeking the same relief as in her 1954 proceedings. Her petition was again referred to the Circuit Court of Duval County. The judge of the Duval County court sustained the appellee's plea of res judicata by virtue of the 1954 proceedings and dismissed her petition. In his order of dismissal, the trial judge opined that the Connecticut court should have referred appellant's petition to the Volusia County Circuit Court since that court, having entered the divorce decree upon which the duty of support was based, was "in a better position to handle this matter in Chancery, under contempt proceedings, than this Court. * * *" No plea to the jurisdiction of the Duval County court was made, and we are unable to determine whether this statement was, in effect, a ruling that the Duval County court lacked jurisdiction of the matter. In the brief filed in this court on behalf of the appellant, counsel has so interpreted it and has questioned its propriety. No brief has been filed on behalf of appellee. Since the question may arise in future proceedings on the appellant's petition, the point will be discussed hereafter.
As to the issue of res judicata, it is well settled that res judicata is not a defense in a subsequent action where the law under which the first judgment was obtained is different from that applicable to the second action. Wagner v. Baron, Fla. 1953, 64 So.2d 267, 37 A.L.R.2d 831, and cases cited.
The Florida Uniform Support of Dependents Act under which the appellant's 1954 proceedings were filed ("the 1953 Florida Act" hereafter) is considerably different from the 1955 Uniform Reciprocal Enforcement of Support Law applicable to the instant proceedings. The 1953 Florida Act was of the type first brought into existence in New York in 1949; the 1955 Florida Act is based on the Uniform Reciprocal Enforcement of Support Act approved by the National Conference of Commissioners on Uniform State Laws in 1950, as amended in 1952. The purpose of the 1953 Florida Act was to secure support for "dependent wives and children" only, whereas the 1955 Florida Act applies to "any person to whom a duty of support is owed". The 1955 Florida Act specifically provides that "duty of support" includes a duty imposed or imposable "by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, judicial separation, separate maintenance or otherwise." Sec. 88.031(6), Fla. Stat. 1955, F.S.A. The 1953 Florida Act did not contain such a provision. The appellant has a clear right to proceed under the 1955 Florida Act to enforce the appellee's duty of support decreed by the Volusia County Circuit Court. It would add nothing to the jurisprudence of this state to decide whether she had such a right under the 1953 Florida Act since, as noted, it was repealed by the 1955 Florida Act. Moreover, as we read appellant's petition, she is applying only for alimony and child support money accruing subsequent to the effective date of the 1955 Florida Act.
In all the circumstances here, we have concluded that the doctrine of res judicata should not be applied to defeat the appellant's right to proceed under the 1955 Florida Act to enforce the appellee's duty of support during the period following the effective date of the 1955 Florida Act.
The only remaining issue here presented has to do with the proper forum in which to enforce that obligation. Should it be enforced in the court of this state having jurisdiction of the obligor? Or should it be enforced in the court of this state in which *93 the decree imposing the duty of support was entered though neither party resides within the jurisdiction of the latter court? Some discussion of the purpose of the Uniform Reciprocal Enforcement of Support Law and its provisions is necessary here.
The Uniform Reciprocal Enforcement of Support Law was intended to provide a simplified two-state procedure by which the obligor's duty to support an obligee residing in another state may be enforced expeditiously and with a minimum of expense to the obligee (or to the State, if the obligee is indigent). It contemplates that the court of the initiating state will refer the petition to the court of the responding state having jurisdiction of the obligor or his property. It is intended to provide remedies to the obligee "in addition to and not in substitution for any other remedies", Sec. 88.041, Fla. Stat. 1955, F.S.A. It takes cognizance of the fact that the duty of support may arise out of a divorce or separate maintenance decree entered by another court and provides that "Any order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both." Sec. 88.281, Fla. Stat. 1955, F.S.A.
Since by its terms the Act is designed to provide a remedy entirely separate from and independent of any remedies existing under other applicable provisions of law, we have no difficulty in holding that the Circuit Court of Duval County, the place of the appellee-obligor's residence, had jurisdiction of the proceedings. Clearly, if the duty of support sought to be enforced in that court was imposed by a divorce or separate maintenance decree entered by the court of another state, the Duval County court would have jurisdiction. And there is no difference, in principle, in enforcing the duty of support decreed by a sister state and in enforcing the duty when decreed by a court of this state, especially since it appears to be the duty of support imposed by a divorce or separate maintenance decree (as distinguished from the amount of the support so decreed) that is enforced by the responding state under the Act in question. Cf. Gohdes v. Gohdes, 1955, 134 Cal. App.2d 819, 286 P.2d 539, where the California court ordered the obligor to pay less than the amount of support awarded by the decree of a court of another state; and Whittlesey v. Bellah, 1955, 130 Cal. App.2d 182, 278 P.2d 511, certiorari denied 350 U.S. 821, 76 S.Ct. 47, 100 L.Ed. 734, where it was held that the California court had jurisdiction to entertain a petition under the Act seeking a greater amount of support than that awarded in a divorce decree entered in another state.
The question of whether the lodging of appellant's petition in the Duval County Circuit Court (or, for that matter, in the Volusia County Circuit Court, if the petition had been referred to it by the Connecticut court) conferred jurisdiction of the person of the appellant sufficient to authorize the court to entertain an application by the appellee under Sec. 65.15, Fla. Stat. 1955, F.S.A., for the modification of the support provisions of the Volusia County divorce decree was not presented and will not be decided.
For the reasons stated, the decree appealed from should be and it is hereby reversed and the cause remanded for further proceedings.
Reversed and remanded.
TERRELL, C.J., DREW and THORNAL, JJ., concur.