465 So.2d 592 (1985)
Kenneth A. HARTLEY, Appellant,
v.
Marian E. HARTLEY, Appellee.
No. 84-1623.
District Court of Appeal of Florida, Second District.
March 15, 1985.
*593 Elizabeth C. Mansfield, St. Petersburg, for appellant.
Geraldyne H. Carlton of Carlton & Carlton, P.A., Lakeland, for appellee.
BOARDMAN, EDWARD F., (Ret.)
This appeal arises out of the trial court's order, entered pursuant to the mother's petition under the Uniform Reciprocal Enforcement of Support Act (URESA), increasing the amount of the father's child support obligation over that awarded by a divorce decree rendered in the state of Pennsylvania. Because we agree that the trial court lacked jurisdiction to increase the support award in the procedural posture of this case, we reverse that portion of the challenged order. We affirm the court's order in all other respects, however.
The mother, still a resident of Pennsylvania, initially filed her petition for enforcement of support under that state's version of URESA. In addition to seeking enforcement of the support obligation imposed by the Pennsylvania court as an incident to the parties' divorce, the mother sought a general cost-of-living increase in the support payment. Upon transfer of the action to Pinellas County, the father's place of residence, the Florida circuit court rendered the order challenged on appeal, increasing the father's support obligation.
Section 88.271, Florida Statutes (1983), the applicable provision in Florida's URESA, provides in pertinent part:
If the action is based on a support order issued by another court, a certified copy of the order shall be received as evidence of the duty of support, subject only to any defenses available to a respondent concerning a substantial change in the circumstances of the parties relating to the obligation of support or with respect to paternity pursuant to s. 88.235 or to a defendant in an action or a proceeding to enforce a foreign money judgment.
(Emphasis added.) Because this section refers only to defenses, we infer a legislative intent to foreclose upward adjustment of foreign support orders in a civil enforcement proceeding. Cf. Stephens v. Stephens, 402 So.2d 1301 (Fla. 1st DCA 1981) (responding court in URESA action cannot determine duty of support where previous order in dissolution of marriage proceeding established support obligation). But see Helmick v. Helmick, 436 So.2d 1122, 1129 (Fla. 5th DCA 1983) (Cowart, J., concurring specially) (responding court may award higher or lower amount than previous order). Our interpretation of the statute finds further support in section 88.255, which addresses the relationship between a URESA proceeding and other pending or prior actions which might generate a support award. Section 88.255 provides, "If the other action or proceeding is concluded before the hearing in the instant proceeding and the judgment therein provides for the support demanded in the motion being heard, the court must conform its support order to the amount allowed in the other action or proceeding." (Emphasis added.)
In Ray v. Pentlicki, 375 So.2d 875 (Fla. 2d DCA 1979), this court stated, in dicta, that the responding court in a URESA action may determine the duty of support de novo, notwithstanding a previous order against the same obligor. See 375 So.2d at 878-79. In making such de novo determination, however, the responding court must be guided by the restrictions of section 88.271.
URESA provides a remedy for a mother who requires an increase in the father's child support payments because of a substantial change in circumstances. Part IV of the uniform act, sections 88.321-.371, Florida Statutes (1983), specifies the procedure by which a foreign support order may be registered in Florida and thereafter "be treated in the same manner as a support order issued by a court of this state." § 88.371, Fla. Stat. (1983). Such registration would allow the support order to be modified upward upon the proper showing of changed circumstances. Because the Pennsylvania order was not so registered *594 in the instant case, it was not subject to modification under these principles.
The father also challenges the trial court's order requiring him to pay court costs pursuant to section 88.151. We find no error in this portion of the trial court's order.
We, therefore, reverse the trial court's order to the extent that it increased the father's support obligation and remand for further proceedings consistent with this opinion.
Reversed in part, affirmed in part, and remanded.
GRIMES, A.C.J., and FRANK, J., concur.