ERVIN, Chief Judge.
Appellant appeals from a final order increasing the amount of his child support payments fixed in a prior judgment of a foreign state’s court. We affirm.
In 1977, the District Court in and for Boulder County, Colorado, dissolved the marriage of appellant, Edwin Koon, and Anna Smith. The final decree orders appellant to pay $60.00 per month to Anna Smith to support the couple’s minor children. After appellant moved to Florida, and Anna Smith filed a Uniform Reciprocal Enforcement of Support Act (URESA) petition for support,[1] the trial court below issued an order dated November 30, 1982, finding that appellant had deliberately refused to provide support for his minor children, and ordering appellant to pay the sum of $300.00 per month in child support. After further URESA proceedings originating in Colorado, the trial court issued the order on appeal, dated October 12, 1983, rejecting appellant’s argument that the Florida court could not change the amount of child support fixed in the Colorado divorce decree, and directing appellant to continue paying $300.00 a month in child support.
In support of his argument attacking the order increasing his obligation to pay child support, appellant relies upon Section 88.-281, Florida Statutes, which provides in pertinent part:
A support order made by a court of this state pursuant to this act does not nullify and is not nullified by a support order ... made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state.
(e.s.) The order on appeal does not provide that it nullifies the Colorado divorce decree; instead, it correctly states that section 88.-281 “allows credit to be given for the same period under another support order.” See Florida Department of Health and Rehabilitative Services v. Ciferni, 429 So.2d 92, 94 (Fla. 2d DCA 1983); Ray v. Pentlicki, 375 So.2d 875, 879 (Fla. 2d DCA 1979). The Florida Supreme Court has stated “it appears to be the duty of support imposed by a divorce or separate maintenance decree (as distinguished from the amount of the support so decreed) that is enforced by the responding state under the Act [URE-SA] in question.” Thompson v. Thompson, 93 So.2d 90, 93 (Fla.1957) (emphasis in original). See also Hemlick v. Hemlick, *1009 436 So.2d 1122, 1129 (Fla. 5th DCA 1983) (J. Cowart, concurring).
The distinction between the terms duty and amount distinguishes the case at bar from the case appellant relies on, Stephens v. Stephens, 402 So.2d 1301 (Fla. 1st DCA 1981). In Stephens, we held that the trial court violated section 88.281 when the trial court — as a responding court in an action brought under URESA — determined the duty of support, even though there was a previous order establishing support in the underlying marital dissolution proceeding. The order on appeal before us does not attempt to determine initially the duty of support.
Finally, our holding that a responding court in such proceedings may enter a support order that is greater than a prior foreign judgment is in accord with the position taken in other states. See cases cited in Georgia v. McKenna, 253 Ga. 6, 315 S.E.2d 885, 888 (Ga.1984).
We are aware of Hartley v. Hartley, 465 So.2d 592 (Fla. 2d DCA 1985). In Hartley, unlike here, the appellate court apparently was unconvinced that the mother had demonstrated a substantial change in circumstances, pursuant to section 88.271. Here the issue of whether Anna Smith made such a showing has not been raised on appeal and we need not address it. Also, we disagree with the Second District’s statement that the legislature intended “to foreclose upward adjustment of foreign support orders in a civil enforcement proceeding.” Id. While the Second District inferred that intent from sections 88.271 and 88.255, we believe that section 88.281 supports our view that since URESA is an independent proceeding which does not modify, and is not bound by, prior foreign judgments, the responding court may enter a support order that is higher or lower than a prior judgment.
AFFIRMED.
SMITH and NIMMONS, JJ., concur.

. Smith filed her petition for support in Wyoming, alleging that appellant was not paying child support. The Wyoming court certified Smith’s need for support and then forwarded the petition to the Florida trial court. Chapter 88, Florida Statutes, contains the Revised Uniform Reciprocal Enforcement of Support Act.