478 So.2d 105 (1985)
Deborah Lynne FILEGER, Former Wife, Appellant,
v.
Lance Allen FILEGER, Former Husband, Blair Fileger and Anna Marie Fileger, As Grandparents, Appellees.
No. 84-2578.
District Court of Appeal of Florida, Second District.
November 6, 1985.
James F. McCollum of James F. McCollum, P.A., Sebring, for appellant.
William B. Fletcher of William B. Fletcher, P.A., Sebring, for appellee Lance Allen Fileger.
PER CURIAM.
This is an appeal from an order which changed custody of a minor child from the appellant/mother to the paternal grandparents. The order also terminated future child support payments due appellant from the appellee/former husband, and vacated arrearages for past due child support. Appellant appeals only that part of the trial court's order that vacated arrearages of past due child support. We reverse.
Past due child support payments constitute vested property rights which are not subject to modification absent compelling circumstances or valid defense. Raybuck v. Raybuck, 451 So.2d 540 (Fla. 2d DCA 1984). While it has been made to appear that the minor child in this case was actually in the custody of the paternal grandparents during part of the time that the arrearages accrued, that, in itself, is not a sufficient compelling circumstance or valid defense such as to justify vacating the arrearages. Raybuck; Martinez v. Martinez, 383 So.2d 1153 (Fla. 3d DCA 1980). Accordingly, the trial court erred in vacating any arrearages due between February 1, 1982, and August 13, 1984.
The provision of the order of the trial court that vacated arrearages of child support is reversed.
DANAHY, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.