494 So.2d 1126 (1986)
Edwin L. KOON, Petitioner,
v.
BOULDER COUNTY, DEPARTMENT OF SOCIAL SERVICES, Respondent.
No. 67216.
Supreme Court of Florida.
August 28, 1986.
Rehearing Denied October 23, 1986.
*1127 Halley B. Lewis and Samuel H. Lewis of Halley B. Lewis, P.A., Bonita Springs, for petitioner.
Joseph R. Boyd, William H. Branch and Susan S. Thompson of Boyd & Thompson, P.A., and Chriss Walker, Dept. of Health and Rehabilitative Services, Tallahassee, for respondent.
BARKETT, Justice.
We have for review Koon v. Boulder County, Department of Social Services, 468 So.2d 1007 (Fla. 1st DCA 1985), which expressly and directly conflicts with Hartley v. Hartley, 465 So.2d 592 (Fla. 2d DCA 1985). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Edwin Koon's marriage to Anna Smith was dissolved by a Colorado court in 1977. The final decree orders Koon to pay $60 per month for child support. Several years after the divorce, the trial court below, acting under the Uniform Reciprocal Enforcement of Support Act (URESA),[1] increased Koon's child support obligation to $300 a month. Koon appealed, arguing that the Florida court could not change the amount of child support fixed in the Colorado divorce decree. The First District Court of Appeal affirmed, following Judge Cowart's special concurrence in Helmick v. Helmick, 436 So.2d 1122 (Fla. 5th DCA 1983), and holding that a responding court in URESA proceedings may enter support orders which exceed the original amount provided in a prior foreign judgment.
The decision below is in accordance with the majority of courts across the country that have interpreted URESA statutes as providing courts with the authority to order child support commensurate with the current needs of the obligees and the current ability of the obligor, without being *1128 bound by previous support orders. See, e.g., Ibach v. Ibach, 123 Ariz. 507, 510, 600 P.2d 1370, 1373 (1979); Rohrer v. Kane, 44 Colo. App. 85, 86-87, 609 P.2d 1121, 1122 (1980); Ainbender v. Ainbender, 344 A.2d 263, 265 (Del. 1975); Menetrez v. Menetrez, 147 A.2d 772, 773 (D.C. 1959); Georgia v. McKenna, 253 Ga. 6, 8-9, 315 S.E.2d 885, 888 (1984); Despain v. Despain, 78 Idaho 185, 190, 300 P.2d 500, 503 (1956); Moore v. Moore, 252 Iowa 404, 411, 107 N.W.2d 97, 101 (1961); Commonwealth of Virginia ex rel. Halsey v. Autry, 293 Md. 53, 64, 441 A.2d 1056, 1062-63 (1982); Fitzwater v. Fitzwater, 97 Mich. App. 92, 96, 294 N.W.2d 249, 251 (1980); State on Behalf of McDonnell v. McCutcheon, 337 N.W.2d 645, 648-49 (Minn. 1983); Loveland v. Henry, 700 S.W.2d 846, 850 (Mo. Ct. App. 1985); Chisholm v. Chisholm, 197 Neb. 828, 830, 251 N.W.2d 171, 173 (1977); State ex rel. Alleman v. Shoats, 101 N.M. 512, 517, 684 P.2d 1177, 1182 (N.M.Ct.App. 1984); Commonwealth v. Byrne, 212 Pa.Super. 566, 569, 243 A.2d 196, 197 (Pa. 1968); Thompson v. Thompson, 366 N.W.2d 845, 848 (S.D. 1985); Jaramillo v. Jaramillo, 27 Wash. App. 391, 396-97, 618 P.2d 528, 530 (1980). Contra Coons v. Wilder, 93 Ill. App.3d 127, 131, 48 Ill.Dec. 512, 416-17, 416 N.E.2d 785, 789-90 (1981); People ex rel. Kerl v. Kerl, 75 Ill. App.3d 347, 349, 30 Ill.Dec. 958, 960, 393 N.E.2d 1305, 1307 (1979); Hamilton v. Hamilton, 476 S.W.2d 197, 200 (Ky. 1972); Craft v. Hertz, 182 N.W.2d 293, 297 (N.D. 1970); County of San Diego v. Elavsky, 58 Ohio St.2d 81, 86, 388 N.E.2d 1229, 1233 (1979); Littrel v. Littrel, 601 S.W.2d 207, 209 (Tex.Civ.App. 1980); Bushway v. Riendeau, 137 Vt. 455, 464, 407 A.2d 178, 182 (1979).[2]
A number of federal courts have also recognized that under URESA a responding state has the power to make an independent order fixing the amount of support different from that called for by the original decree. See Sheres v. Engelman, 534 F. Supp. 286 (S.D.Tex. 1982); United States v. Stephens, 472 F. Supp. 14 (E.D.Tenn. 1979), aff'd, 659 F.2d 1083 (6th Cir.1981). In Government of Virgin Islands v. Lorillard, 358 F.2d 172, 177 (3d Cir.1966), the Third Circuit construed the intention of the framers of URESA:
The framers of the Uniform Act doubtless took into account the fact that a court decree which is entered in a divorce or other proceeding involving the question of support is ordinarily final and definitive with respect to the duty of support which it imposes for the period of time during which the law requires such support to be given. But the amount of support to be given in discharge of that duty is another matter.
Even the United States Supreme Court, albeit in dicta, has stated that a California resident seeking additional child support from a New York resident may either pursue the action in New York, or utilize URESA to "facilitate both her prosecution of a claim for additional support and collection of any support payments found to be owed by appellant." Kulko v. Superior Court of California, 436 U.S. 84, 100, 98 S.Ct. 1690, 1701, 56 L.Ed.2d 132 (1978) (emphasis supplied).
Despite the weight of authority to the contrary, the Second District, in Hartley, has taken the position that URESA fails to provide the responding state the authority to increase a sister state's support order. Notwithstanding this position, the Second District has held, however, that Florida courts have the authority to enforce an amount of child support less than the amount imposed by a sister state. Florida Department of Health and Rehabilitative Services v. Ciferni, 429 So.2d 92 (Fla. 2d DCA 1983). We find these positions inconsistent and agree with the court in Olson v. Olson, 534 S.W.2d 526, 529 (Mo. App. 1976), that:

*1129 If the court of the responding state can diminish the financial obligation it must have the corresponding power to increase it, for it is a poor rule that does not work both ways.
More importantly, consideration of URESA's purpose and its remedies persuade us that the Second District's interpretation of URESA is incorrect. The primary purpose of URESA is to provide a simple two-state procedure by which the obligor's duty to support an obligee residing in another state may be enforced expeditiously and with a minimum of expense to the obligee. Thompson v. Thompson, 93 So.2d 90, 93 (Fla. 1957). Its remedies are in addition to and not in substitution of any other remedies. Id. See also § 88.041, Fla. Stat. (1985); Kirby v. Kirby, 405 So.2d 207, 209 (Fla. 3d DCA 1981), pet. dism'd, 412 So.2d 467 (Fla. 1982). Under URESA, the duty of support may be enforced in any responding state where jurisdiction over the obligor can be obtained, and it is the law of the responding state which defines the duty of support. Hodge v. Maith, 435 So.2d 387, 389 (Fla. 5th DCA 1983). In view of the purpose of the act and its remedial nature, we believe URESA must be liberally construed.
In Thompson, we addressed the difference between the duty of support and the amount of support. In doing so, we implied that an increase in support (as in the instant case) would be permissible. We said:
[I]t appears to be the duty of support imposed by a divorce or separate maintenance decree (as distinguished from the amount of the support so decreed) that is enforced by the responding state under the Act in question.
93 So.2d at 93.
The Iowa Supreme Court, in Moore, took our language in Thompson as support for its interpretation of URESA. That court stated:
[W]e think a reasonable interpretation of the entire act fairly shows that it was intended to give an additional remedy, in the application of which the respondent court might make its own determination of the needs of the petitioning party and make such order as justice might require.
252 Iowa at 411, 107 N.W.2d at 101.
We agree with the majority view and now expressly hold that URESA provides responding state courts with the authority to order support commensurate with the current needs of the obligees and the current ability of the obligor, without being bound by previous support orders. We approve the decision below, and disapprove Hartley to the extent it conflicts with this opinion.
It is so ordered.
ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.
McDONALD, C.J., concurs with an opinion, in which SHAW, J., concurs.
McDONALD, Chief Justice, concurring.
I concur, but hasten to emphasize that no modification of an order of support or alimony can be entered without the attendant proof of a substantial change in circumstances warranting it.
SHAW, J., concurs.
NOTES
[1] The Act was promulgated by the National Conference of Commissioners on Uniform State Laws in 1950. It has been amended twice (in 1952 and 1958) and was revised in 1968. Florida adopted the revised version in 1979. See § 88.011, Fla. Stat. (1985). The Act may be cited as the "Revised Uniform Reciprocal Enforcement of Support Act (1968)" or RURESA.
[2] It appears the Vermont Supreme Court has limited Bushway in McEvily v. McEvily, 140 Vt. 279, 437 A.2d 1110, 1111 (1981), wherein the court stated that under the statutory scheme of RURESA, there is no reason not to permit a court to reduce support payments once it is shown that the obligor's financial condition requires it. The court distinguished McEvily from Bushway, saying that in Bushway, the inability to pay was not at issue. Id., 437 A.2d at 1111.