WENTWORTH, Judge.
Appellant seeks review of a circuit court order denying a claim for current child support. The claim was made by a petition initiating in Ohio, and filed in Florida pursuant to Chapter 88, Florida Statutes, the Revised Uniform Reciprocal Enforcement of Support Act (RURESA). In denying the claim for current support the trial court declined to consider the merits of the claim, indicating that it was bound by a prior order of another court. We conclude that hte court erred in refusing to consider the merits of the claim on that ground, and we therefore reverse the order appealed.
Appellee’s marriage was dissolved by order of an Ohio court which also fixed appel-lee’s child support obligation. Appellee subsequently obtained a reduction in child support by order of a Virginia court which directed payment of arrearages but conditionally suspended current support payments.[1] Thereafter, appellee’s former spouse petitioned in Ohio, seeking payment of both arrearages and current support. This petition was certified to Florida as a RURESA action.
The Florida court ordered payment of arrearages but declined to consider the merits of the current support claim, indicating that it was bound by the Virginia order suspending current payments. However, not only was the Virginia order merely a temporary and conditional suspension, under RURESA the Florida court was not bound by the prior order as to the claim for current support. See Koon v. Boulder County, Department of Social Services, 494 So.2d 1126 (Fla.1986). Koon establishes that despite the existence of prior support orders in other states, in a RURESA proceeding the responding Florida court has authority to direct payment of child support in accordance with the current needs of the obligees and the current abilities of the obligor. The court below thus should have considered the merits of the claim for current child support.
Accordingly, the order appealed is reversed insofar as it denies the claim for current support, and the cause is remanded.
WIGGINTON and NIMMONS, JJ., concur.

. The Virginia order decreed that "during the time that [appellee] is unreasonably denied visitation, child support is suspended....” Florida courts have indicated that such a decree would be inappropriate in this state. See e.g., State v. Ridge, 483 So.2d 766 (Fla. 5th DCA 1986).