512 So.2d 968 (1987)
Irene A. HARRIS, n/k/a Irene A. Robinson, Appellant,
v.
David L. HARRIS, Appellee.
No. 86-1968.
District Court of Appeal of Florida, Second District.
July 24, 1987.
Rehearing Denied September 23, 1987.
*969 Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, for appellant.
David L. Harris, pro se.
DANAHY, Chief Judge.
In 1985 appellant/former wife petitioned the trial court to establish, enforce and order arrearages under a 1978 child support award in a dissolution of marriage judgment entered in the Circuit Court for Pasco County. The question we are asked to resolve, an affirmative answer to which is urged by appellant, is whether it was error for the trial court to adopt the amount of support set in an intervening 1980 Connecticut URESA order, which order had the effect of reducing the weekly amount due from appellee/former husband.[1] We answer the question posed in the negative and, consequently, affirm the order on appeal. We note that we are not asked to address, and therefore do not decide, the question of how Florida, as a responding state pursuant to URESA,[2] would handle the matter of enforcing an original order from another state.[3]
The parties in this case were divorced in proceedings brought in the Circuit Court for Pasco County in 1978. Permanent custody of the parties' only child was awarded to the wife, and an order was entered directing the husband and father to pay $25.00 per week child support. The husband later moved to Connecticut, and in July 1980 the wife filed a URESA action in the superior court there to enforce the $25.00 per week awarded in the Florida judgment. The resulting Connecticut URESA order of support modified the order to $10.00 per week beginning July 16, 1980, upon a finding that the husband had been disabled in an employment-related accident and was then receiving only workmen's compensation benefits. The wife did not appeal the Connecticut court order. The husband did not fully comply with the Connecticut order and arrearages accrued. It appears that arrearages also accrued before July 16, 1980, while the husband was under the mandate of the original Florida order, but the exact amount is not pertinent to the issue before us.
By October 1985 the husband had returned to live in Florida, and the wife filed the instant suit in the Circuit Court for Pinellas County seeking to have the original dissolution judgment entered in Pasco County established and enforced in Pinellas County. The Pinellas court established the Pasco final judgment of dissolution as a Pinellas order and directed the husband to *970 pay $25.00 per week child support beginning April 15, 1986.
At a later hearing to determine and enforce accrued arrearages from the original dissolution judgment, the court adopted the Connecticut modification and ruled that the arrearages be calculated at the $10.00 per week Connecticut rate[4] rather than, as the wife says it should have, at the $25.00 per week Florida rate.[5] The trial court dealt only with the arrearages that accrued between the date the Connecticut order was entered and the date of the subsequent Pinellas order. It is from this order that the wife appeals.
If the instant case were a URESA proceeding in the trial court, we would be guided by the language of section 88.281, Florida Statutes (1985). That statute contemplates that variances may occur between orders of different jurisdictions enforcing support orders pursuant to their own URESA statutes. The problem of multi-jurisdictional orders, in such instances, is resolved by section 88.281 in Florida which directs that amounts paid under the Connecticut URESA order be credited against the amount due under the original order. But, as we mentioned at the outset, this appeal does not come to us from an order arising from a URESA proceeding. Moreover, in the factual circumstances of this case, the Florida URESA statute provides us little guidance.
We find more instructive several cases interpreting the Florida URESA statute. The supreme court in Koon v. Boulder County, Department of Social Services, 494 So.2d 1126 (Fla. 1986), stated, in a URESA context where a Florida circuit court was the responding court, that there was a distinction between the duty of support and the amount of support. In Koon the court said:
"[I]t appears to be the duty of support imposed by a divorce or separate maintenance decree (as distinguished from the amount of support so decreed) that is enforced by the responding state under the [URESA] Act in question."
Id. at 1129 (citing Thompson v. Thompson, 93 So.2d 90, 93 (Fla. 1957)). It is this duty of support that is nonmodifiable when a party seeks to enforce an original foreign support order under the URESA laws of Florida. See Florida Department of Health & Rehabilitative Services v. Ciferni, 429 So.2d 92 (Fla. 2d DCA 1983); Helmick v. Helmick, 436 So.2d 1122 (Fla. 5th DCA 1983) (Cowart, J., specially concurring).
The Connecticut court in the instant case did not interfere in any way with the duty of support. It merely changed the amount of support due from Mr. Harris based on its finding of circumstances as they existed at that time. The responding court in any URESA proceeding determines the amount of the duty owed under the laws of any state where the obligor was present during the period for which support is sought. Section 88.081, Fla. Stat. (1986); Conn. Gen. Stat. § 46b-184 (1977). When the Pinellas court had jurisdiction of the parties in these proceedings, it determined again the amount of support under the then present circumstances. In this way, for the period of time from the entry of the Connecticut order of $10.00 per week until the entry of the Pinellas order of $25.00 per week, the Connecticut order was res judicata of the amount of support under the circumstances existing at the time of the judgment. See Lopez v. Avery, 66 So.2d 689 (Fla. 1953) (non-URESA context); see also Helmick, 436 So.2d at 1127 (Cowart, J., specially concurring). Under the full faith and credit clause of the United States Constitution, U.S. Const. art. IV, § 1, it was appropriate for the trial court in these proceedings to treat the Connecticut order as it did. Pursuant to this rationale, parties are encouraged to utilize the procedures provided them by the URESA statutes in the several states. The parties should not be dissuaded from instituting URESA actions by the risk that a subsequent proceeding in another jurisdiction *971 might render the previous URESA order a nullity.
We do not ignore the settled rule that arrearages of child support are vested and not subject to retrospective modification absent compelling circumstances. Hammond v. Hammond, 492 So.2d 837 (Fla. 5th DCA 1986); Fileger v. Fileger, 478 So.2d 105 (Fla. 2d DCA 1985); Department of Health & Rehabilitative Services v. Thomas, 477 So.2d 1053 (Fla. 5th DCA 1985), review denied, 488 So.2d 829 (Fla. 1986); Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974). We would only note that a court that enters a child support order has continuing jurisdiction to modify that order upon a showing of substantial change in circumstances. Here, the Connecticut court had obviously found, upon competent evidence thereof, that a substantial change in circumstances existed as of July 16, 1980. The trial court acted properly when it gave effect to the Connecticut order. By upholding the trial court's decision in this non-URESA case, we not only act in the spirit of URESA but properly recognize the application of the Full Faith and Credit Clause as well.
The order appealed is affirmed.
SCHOONOVER and HALL, JJ., concur.
NOTES
[1] Connecticut was the responding state in a proceeding to enforce an original Florida order of child support pursuant to Connecticut's version of the Uniform Reciprocal Enforcement of Support Act (URESA), Conn.Gen.Stat, §§ 46b-180-219 (1977).
[2] Ch. 88, Fla. Stat. (1986).
[3] This question has been recently decided in Koon v. Boulder County, Dep't of Social Services, 494 So.2d 1126 (Fla. 1986). Thus, were this case a URESA proceeding, a Florida court could modify upward or downward the support order according to present circumstances. The instant proceeding is brought under section 61.17, Florida Statutes (1985), an action to enforce a support order of one Florida court in another Florida court.
[4] The total arrearages calculated at the Connecticut rate and set by the trial court are $3,710.00.
[5] This calculation, rejected by the trial court, would result in arrearages totalling $8,375.00.