616 So.2d 1207 (1993)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES o/b/o Constance Davis, Appellant,
v.
George Edward DAVIS, Appellee.
No. 92-01485.
District Court of Appeal of Florida, Second District.
April 23, 1993.
Charles L. Carlton, Lakeland, for appellant.
Steven L. Brannock and Karol K. Williams of Holland & Knight, Tampa, for appellee.
PARKER, Judge.
The State of Florida, Department of Health and Rehabilitative Services on behalf of Constance Davis appeals the circuit court's order which denied her request for increased child support. We reverse and certify a question of great public importance.
Constance Davis and George Davis are the parents of three minor children. The Davises' marriage was dissolved in Hillsborough County, Florida, in 1985, at which time the parties stipulated to a settlement which provided for the father to pay child support in the amount of $240 per month. A review of the record reflects that the father was current in the payment of this support obligation prior to and while this case was pending in circuit court.
In July 1991 the mother, residing in Georgia with the three children, petitioned through the Uniform Reciprocal Enforcement of Support Act (URESA) for an increase to $650 in the amount of child support. That amount is slightly less than the father's share of the support obligation set forth in the child support guidelines established in section 61.30, Florida Statutes (1991). The father answered and filed an affirmative defense alleging that there had been no permanent substantial change in his ability to pay an increase in child support.
At the hearing in this matter, the hearing officer accepted as evidence the father's financial affidavit, the final judgment *1208 of dissolution, a bulletin from the father's employer, and records of the father's support payments.[1] The hearing officer took the position that the mother was required to plead and prove a substantial change of circumstances to justify an upward modification because the matter was being heard in the same court which had entered the final judgment of dissolution and had retained jurisdiction over the matter. The state, arguing on behalf of the mother, cited Koon v. Boulder County, Department of Social Services, 494 So.2d 1126 (Fla. 1986) and took the position that a responding state court in a URESA proceeding may modify the amount of child support to conform to the current needs of the children and current ability of the obligor to pay without being bound by previous support orders. The hearing officer acknowledged the Koon decision but found it inapplicable to this situation. This appeal is from the circuit court's adoption of the hearing officer's findings and recommendations which denied a modification of child support.
This case appears to be one of first impression in Florida. Clearly, if URESA was not involved in this case, the mother would be required to show a permanent substantial change in financial circumstances of the parties to support an increase in child support. See Hale v. Hale, 567 So.2d 527 (Fla. 2d DCA 1990). In Koon, however, the supreme court concluded that a responding state court in a URESA proceeding may modify the amount of child support to conform to the current needs of the children and the current ability of the obligor to pay without being bound by previous support orders. Implicit in this holding is that a court may modify child support without a showing of a substantial change in circumstances.[2] Two justices, in a concurring opinion, stated the belief that there always must be a substantial change in circumstances in order to modify a child support award. Koon, 494 So.2d at 1129 (McDonald, C.J., concurring). The majority of the court, however, did not address this position taken in the concurring opinion.
The mother argues that Koon applies and that the court should consider the case de novo without the necessity of proving a substantial change in circumstances. Supporting the mother's position is the fact that URESA provides a separate and independent remedy from those set forth in Chapter 61,[3]Ray v. Pentlicki, 375 So.2d 875 (Fla. 2d DCA 1979) (citing Thompson v. Thompson, 93 So.2d 90 (Fla. 1957)), and that the supreme court has held, at least implicitly, that a person is not required to prove a substantial change in circumstances in a URESA proceeding. Koon. The father, on the other hand, contends that Koon does not apply because the URESA petition for increased child support is before the same court in which the antecedent dissolution proceedings took place. Hence, the father reasons that a substantial change of circumstances must be pleaded and proved to support a modification in the amount of child support, which is consistent with the requirement when a parent files a postjudgment petition for modification in the same court which entered the final judgment.
*1209 We conclude that we are compelled to follow Koon under this set of facts and reverse the trial court's order denying the mother's request for increased child support. In doing so, we recognize the strong argument that a parent seeking increased child support from outside of Florida should not have to prove less of a compelling need than a parent remaining within the state who is seeking increased child support. We, however, believe that the supreme court must address how Koon applies to these facts. We assume that there will be numerous cases where the former wife departs from the state with the children following a dissolution of marriage while the husband remains in this state. Thus the dilemma of the standard to apply in URESA proceedings seeking an upward modification in child support can be expected to recur often.
We reverse and remand this case for proceedings consistent with this opinion. In doing so, we certify the following question to the supreme court as one of great public importance:
MAY A RESPONDING STATE COURT IN A URESA ACTION MODIFY THE AMOUNT OF CHILD SUPPORT ORDERED BY THE SAME COURT IN A PRIOR DISSOLUTION ACTION WITHOUT A SHOWING OF A SUBSTANTIAL CHANGE IN CIRCUMSTANCES?
Reversed and remanded.
BLUE, J., concurs.
HALL, A.C.J., dissents.
HALL, Acting Chief Judge, dissenting.
I respectfully disagree with the majority in the instant case, as I think the majority here infers what the Koon decision does not imply. The majority herein extends the Koon decision to permit a modification of child support without a showing of a substantial change in circumstances. I do not read the Koon decision to mandate such a holding. Instead, I think Koon provides that a modification of child support based on "the current needs of the obligees and the current ability of the obligor," is tantamount to a modification based on a substantial change in circumstances.
In order to support a modification of child support, there must always be a change in the supporting parent's financial ability to provide an increase. If the law were otherwise, original court orders setting amounts for child support would be rendered meaningless due to the ease with which they could be circumvented by the filing of a URESA action. I, therefore, must agree with Justice McDonald in his concurring opinion in Koon, in that "no modification of an order of support or alimony can be entered without the attendant proof of a substantial change in circumstances warranting it." Koon, 494 So.2d at 1129.
NOTES
[1] Although the father was present to testify, the hearing officer saw no need for any testimony.
[2] The majority in Koon does not explain why there should be a different standard for modification of child support in URESA proceedings and those cases which originate and remain within this state. The volume of URESA cases, however, is enormous. In cases like this case, the initiating state forwards the mother's petition, her financial affidavit, and a copy of the final judgment of dissolution of marriage. The father then appears before the court to challenge the petition. It may be that in the interest of judicial economy in dealing with the enormous case load of URESA cases, the supreme court does not wish to create the numerous continuances necessary to obtain the records from the original trial court proceeding to determine if there has been a substantial change of circumstances. It obviously is easier for the trial court in the responding state to determine the issue of increased child support if it has to look only to the mother's needs and the father's ability to pay.
[3] Chapter 61 of Florida Statutes contains laws dealing with dissolution of marriage, support, and custody.