BLUE, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals a decision in an action under the Uniform Reciprocal Enforcement of Support Act (URESA). We reverse because the trial court erred when it set child support payments below the guidelines and failed to order payment for arrears.
Margie L. Will and James Thomas were divorced in Maryland. They have three children; two have reached the age of majority. Will, a Maryland resident, brought this action through HRS seeking financial relief for the support of the remaining minor child, including enforcement of reasonable child support payments in accordance with the child support guidelines, and the collection of arrears.
The URESA petition for support was filed in Polk County. Thomas, a Florida resident, answered and denied all allegations in the complaint. Following a hearing, the trial court found that Thomas had a legal duty to support the minor child. The court ordered Thomas to pay $25.00 per week in child support, but did not order Thomas to pay arrears.
HRS correctly contends the court erred in setting the amount at $25.00 per week which is less than half of the child support guidelines amount of $50.99 per week. Section 61.30, Florida Statutes (1991), provides a mathematical computation to determine a presumptive amount of child support in each case. The guidelines apply to URESA actions because section 61.30(l)(a) provides that the rules are applicable to any support action “whether the proceeding arises under this or another chapter.” Although section 61.30(l)(a) permits deviation from the guidelines if a specific finding is on record explaining why the guidelines amount would be “unjust or inappropriate,” the record in this case contains no such finding. The failure to provide such a finding is error. See Department of Health and Rehabilitative Services v. Bush, 614 So.2d 32 (Fla. 1st DCA 1993).
The court also erred by refusing to order payment of child support arrears which have accumulated based on the support or *575 dered for all three children. Section 88.012 provides that it is “the legislative intent that the Revised Uniform Reciprocal Enforcement of Support Act is an appropriate statute under which to collect child support ar-rearages after the child is no longer dependent.” See also Bachtal v. Bachtal, 517 So.2d 787 (Fla. 2d DCA 1988). Because no compelling circumstances nor valid defenses were presented to avoid the arrears, and the law authorizes enforcement through an URESA action, the trial court erred in refusing to order the payment of child support arrears.
Accordingly, we reverse and remand for further proceedings.
HALL, A.C.J., and THREADGILL, J., concur.