QUINCE, Judge.
The State of Florida, Department of Health and Rehabilitative Services on behalf of Curtis H. Jones, appeals the trial court’s denial of Jones’ request for increased child support brought under a Uniform Reciprocal Enforcement of Support Act (URESA) petition. We reverse for the reasons explained below.
Curtis Jones and Carla Scott were divorced in 1981 in Pasco County, Florida. Pursuant to the final judgment, Jones was awarded custody of the parties’ two children. Scott was ordered to pay a total of $52.00 per month child support. Jones subsequently moved to New Hampshire. Scott continued to reside in Florida. In 1991, Jones filed a petition under URESA requesting an increase in child support based upon the Florida child support guidelines.
The record shows Jones had a net monthly income of approximately $2,000.00 per month, and Scott had no monthly income. Scott’s financial affidavit lists her occupation as a housewife with no expenses other than her child support obligation. At the final hearing Scott testified that although she had a medical condition, she was able to function adequately to meet the normal demands of running a household which included a husband and child. The court, without explanation, denied Jones’ request for an increase in child support.
The trial court shall order increased child support commensurate with the current needs of the custodial parent and the noncustodial parent’s current ability to pay. Koon v. Boulder County, Department of Social Services, 494 So.2d 1126 (Fla.1986); see also State, Department of Health and Rehabilitative Services v. Davis, 616 So.2d 1207 (Fla. 2d DCA 1993). The child support guidelines are presumptively the proper amount to be ordered for the support of a minor child. § 61.30(l)(a), Fla.Stat. (1991). The court must make a specific finding on the record when it orders child support in an amount different from the guidelines amount. § 61.30(l)(a), Fla.Stat. (1991).
Although this case comes to us with a limited record including a statement of evidence, the record seems to indicate Scott was voluntarily unemployed. The child support guidelines in this case mandate an increased child support obligation absent specific reasons why the court chose to deviate. Florida Department of Health and Rehabilitative Services v. Thomas, 627 So.2d 574 (Fla. 2d DCA 1993). The failure to provide such findings was error.
*1123 Therefore, we reverse and remand for further proceedings consistent with this opinion.
DANAHY, A.C.J., and PARKER, J., concur.