FRANK, Acting Chief Judge.
The State Department of Revenue, on behalf of Colleen Monahan-Jacobs, has appealed from an order denying its petition for support under the Revised Uniform Reciprocal Enforcement of Support Act (1968) (hereinafter URESA) and from an order denying its motion to vacate that decision. We find that the trial court should not have dismissed this action, and reverse.
Attached to Monahan-Jacobs’ URESA petition for support and for medical payments was a stipulation for modification of support previously entered into between these same parties in Citrus County, Florida. Franklin Downward, the respondent, argued, and the trial court concurred, that the existence of that order barred Monahan-Jacobs from seeking a new order for support and medical payments in Pinellas Courity under URESA. Her remedy, in the trial court’s view, was to seek a modification of the Citrus County order, a remedy that was also available through URESA. The petition filed by the Department of Revenue was a standard form with preprinted boxes allowing for a checkoff of the desired relief. Monahan-Jacobs, or the Department acting in her behalf, checked “Establishment of an Order (URE-SA) for child support and medical coverage” rather than “Modification of Existing Re *517 sponding State Order (URESA).’ court, concerned that Monahan-Jacobs was attempting to evade the requirement of showing a substantial change in circumstances to justify modifying the existing order and convinced that multiple child support orders were not contemplated under URE-SA, denied the petition and refused to vacate that decision when requested. The trial
In our view, URESA does not prohibit but rather contemplates the establishment of multiple judgments for child support. Section 88.281, Florida Statues (1995), provides that no order of a county of this state issued pursuant to URESA will nullify a “support order made by a court of this state pursuant to any other law.” Thus, the Citrus County support order entered pursuant to chapter 61, Florida Statutes, could not be nullified by the subsequent URESA order, but the amount of support paid pursuant to one order would be credited toward the obligations of the other order. See Ray v. Pentlicki, 375 So.2d 875 (Fla. 2d DCA 1979) (finding no harm from support determinations by separate courts as long as the respondent is not required to make duplicate payments). Furthermore, as was expressly stated by the Florida Supreme Court, “URESA provides responding state courts with the authority to order support commensurate with the current needs of the obligees and the current ability of the obligor, without being bound by previous support orders.” Koon v. Boulder County, Dep’t of Social Servs., 494 So.2d 1126, 1129 (Fla.1986).
Even though the trial court did not adopt this view, it should have, at a minimum, vacated the denial of the petition and allowed Monahan-Jacobs’ suit to proceed, particularly when all that was needed was an amendment of the petition to check-off “modification” rather than “establishment.” The effect of the dismissal on this procedural ground was to prejudice Monahan-Jacobs’ efforts to demonstrate the inadequacy of the prior support order. Although her children were minors when the petition was filed, they have now reached majority and absent amendment of the petition, no other relief is available for them to establish their needs from the time between the filing of the petition and their eighteenth birthdays.
Accordingly, we reverse the order dismissing the petition and remand for its reinstatement.
THREADGILL and ALTENBERND, JJ., concur.