## Eleanor D. McEvily v. Arthur McEvily

[437 A.2d 1110]

No. 408-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed November 3, 1981

*John A. Rocray,* Windham County State's Attorney, Brattleboro, for Plaintiff.

Law Offices of *Davis, Rounds & Mayhew, P.C.,* Windsor, for Defendant.

**Billings, J.** This is an appeal from an action for child support brought under the Revised Uniform Reciprocal Enforcement of Support Act of 1968 (RURESA), 15 V.S.A. §§ 385–428. The trial court held that in enforcing the child support order of another state it had no discretion to reduce the support payments to reflect the defendant's inability to pay, but instead must conform its order exactly to that of the out-of-state court.

Plaintiff, Eleanor D. McEvily, and defendant were divorced in New Jersey on May 16, 1979. The divorce decree required the defendant to pay for the support of two minor children in the amount of sixty-five dollars per week except for the months of December 1979, January, February, March and December of 1980, and January, February, and March of 1981. During those months the support payment was set at forty-five dollars per week. Since the divorce, the defendant moved to Vermont and has not complied with the support order. The plaintiff brought an action in New Jersey under RURESA to enforce the order in Vermont. Pursuant to the Act, plaintiff filed her complaint with the Juvenile and Domestic Relations Court of the County of Union, Elizabeth, New Jersey (the initiating court), and it was forwarded to the Vermont District Court, Unit No. 6, Windham Circuit (the responding court), for processing.

Three hearings were held on the petition, each presided over by a different judge. At the first hearing on May 29, 1980, the appellant offered evidence that his monthly expenses exceeded his income by over $300.00. Nevertheless, the district court ordered the defendant to pay child support in accordance with the terms of the prior divorce decree. The defendant was also ordered to pay an additional ten dollars per week toward the arrearages of $1,100.00 which had accumulated as of May 29, 1980.

On August 12, 1980, the district court held a review hearing. The defendant offered evidence that his income had fallen below the average estimated at the first hearing. The defendant is a student and his income fluctuates seasonally. Apparently taking this into account, the court ordered him to pay $100.00 per month during the school year and $40.00 per week during the summer. The order made no provision for payment of arrearages.

The matter was reheard on October 24, 1980. The scope of this hearing was limited to the question of whether, in light of *Bushway* v. *Riendeau*, 137 Vt. 455, 407 A.2d 178 (1979), a responding court in a RURESA hearing must conform its order, without modification, to the prior divorce order of the court which granted the divorce.

On November 13, 1980, the trial court held that *Bushway* requires that the order of the responding court must corre-

spond exactly to that of the prior court. The court vacated the August 12, 1980, order and reinstated the order of May 29, 1980.

The defendant appeals that order contending that *Bushway* does not control the present case and asks that the August 12, 1980, order be reinstated.

We agree that *Bushway* does not control. In this case the evidence indicates that the defendant does not have the ability to pay child support in the amount ordered by the divorce decree. In *Bushway* the defendant's inability to pay was not at issue. As a result, the *Bushway* court was not faced with the practical difficulties of enforcing an order which the defendant was financially incapable of carrying out. If *Bushway* were interpreted to prohibit a responding court from granting any relief from a prior divorce decree, the court would be placed on the horns of a dilemma. A defendant, unable to pay the court order as prescribed, could be immediately subjected to contempt proceedings. But a Vermont court cannot invoke its contempt power unless it first finds that the contemnor has the ability to comply. *Spabile* v. *Hunt,* 134 Vt. 332, 335, 360 A.2d 51, 52 (1976). Thus, the authority of the court would be undermined if, on the one hand, it could not modify a prior support order brought under RURESA, and, on the other, it could not find the defendant in contempt when he is unable to pay. Such a situation is intolerable. *Bushway* simply cannot be extended to cases where the defendant's inability to pay is at issue. A court must be able to alter the manner of payment to reflect the inability of the defendant to comply.

Under the statutory scheme of RURESA, there is no reason not to permit a court to reduce the support payments once it is demonstrated that the defendant's financial condition requires it. See W. Brockelbank, *Interstate Enforcement of Family Support (The Runaway Pappy Act)* 65–67 (2d ed. 1971). Such an order has no effect on the prior order by the out-of-state court. 15 V.S.A. § 419 provides that: the orders of all courts are valid regardless of priority of issuance, no order nullifies any of the others, and payments by a defendant on one order will be credited to the others to avoid unfair multiple payments. Any arrearages will continue to accumu-

late on the out-of-state judgment, and once the defendant's financial position improves the plaintiff may petition to have the payments increased to pay off the arrears.

For the foregoing reasons, the order of the district court of November 13, 1980, is vacated, and the order of August 12, 1980, is reinstated.

*Reversed. November 13, 1980, order vacated. Judgment in accordance with order of August 12, 1980, entered.*