### Robert Bruce Wood v. Anne Marie Clement

[437 A.2d 1112]

No. 358-80

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed November 3, 1981

*Michael J. Sheehan,* Windsor County State's Attorney, and *William S. Bos,* Deputy State's Attorney, White River Junction, for Plaintiff.

*Tavian M. Mayer,* South Royalton Legal Clinic, and *Robert Scott Johnston,* Law Student (On the Brief), South Royalton, for Defendant.

**Billings, J.** This is an appeal from an action for child support brought under the Revised Uniform Reciprocal Enforcement of Support Act of 1968 (RURESA), 15 V.S.A. §§ 385–428. The parties were divorced in New Hampshire on January 17, 1975. The plaintiff, Robert Bruce Wood, was granted

custody of their children, and the defendant, Anne Marie Clement, was ordered to pay thirty-five dollars per week for their support. Thereafter, the defendant moved to Vermont and became delinquent in her support payments. The plaintiff brought this RURESA action to enforce the divorce decree. In defense of the suit, the defendant offered evidence that her financial situation had changed since the time of the divorce, and she could no longer afford to make the support payments as ordered. The trial judge found that the defendant did not have the means to make the payments, but he ordered her to make them anyway, holding that *Bushway* v. *Riendeau*, 137 Vt. 455, 407 A.2d 178 (1979), required him to conform his order to the divorce decree of the out-of-state court regardless of the circumstances. From this decision the defendant appeals.

The facts and issue in this case are identical to *McEvily* v. *McEvily*, 140 Vt. 279, 437 A.2d 1110 (1981), decided today. That case held that *Bushway* does not control where the defendant's inability to pay is the issue in a RURESA proceeding. The trial court may reduce support payments to reflect changed conditions and the actual ability of the defendant to pay.

*Reversed and remanded for a hearing consistent with the views expressed herein.*