429 So.2d 92 (1983)
FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, On Behalf of Karen Jo CIFERNI, Appellant,
v.
Joseph John CIFERNI, Appellee.
No. 82-1745.
District Court of Appeal of Florida, Second District.
April 6, 1983.
*93 Geraldyne H. Carlton of Carlton & Carlton, P.A., Lakeland, for appellant.
No appearance for appellee.
GRIMES, Acting Chief Judge.
This appeal involves several aspects of the duty of child support as enforced by the Uniform Reciprocal Enforcement of Support Act (URESA).
The appellee and his wife were divorced in North Carolina on December 9, 1977, and the mother was awarded custody of the couple's two children. The final judgment directed the father to pay child support of $225 per month. After a period of time, the father moved to Florida and ceased support payments. On February 8, 1982, the mother filed a complaint under the Act seeking current support and arrearages. By operation of the Act, a hearing was held in Florida, the state of the father's residence. At that hearing, the father apparently complained about problems with visitation. However, the record does not contain a transcript of the hearing.
In its order, the court directed the father to pay child support of $150 per month conditioned upon visitation. In order to assure the father his visitation rights, the clerk of the court was directed to accumulate the support payments and disburse them on September 1 of each year after the husband filed an affidavit "with respect to visitation." The clerk was to remit the funds to the father if visitation had been denied.
The only issue covered by the Act is the duty of support. Maloney v. Maloney, 396 So.2d 1227 (Fla. 2d DCA 1981); Grosse v. Grosse, 347 So.2d 1099 (Fla. 2d DCA 1977). In fact, the Act appears to exclude consideration of visitation since section 88.271, Florida Statutes (1981), states: "The determination or enforcement of a duty of support owed to one petitioner is unaffected by any interference by another petitioner with rights of custody or visitation granted by a court." Thus, the court erroneously conditioned payment of support upon visitation.
It follows that the order directing the clerk to accumulate the funds for annual disbursement should also fall. Since the court cannot condition support on visitation, there is no reason to accumulate the support payments for annual disbursement. The children require support that an annual payment made at the end of the time period will not provide. Therefore, the court abused its discretion when it ordered the clerk to retain the child support payments for future disbursements.
The support order directs the father to pay $150 per month, a reduction of $75 *94 per month from the amount required in the original divorce decree. The Department of Health and Rehabilitative Services argues that the court lacked the authority to modify the original North Carolina order. Section 88.271, Florida Statutes (1981), states that the support order of the initiating court is "evidence of a duty to support, subject only to any defenses available to a respondent concerning a substantial change in the circumstances of the parties relating to the obligations of support... ." Therefore, where the respondent can demonstrate a substantial change of circumstances, the responding court has the authority to require him to make only a lesser support payment.
The department also contends that the court should not have reduced the support figure because the father never filed a petition for modification as required in an ordinary post-dissolution proceeding. Although there is nothing in the Act which mandates the filing of a petition, implicit in the argument is the suggestion that the department was entitled to notice that the father would seek a reduction. The Act takes this into account. Section 88.193 provides that when the petitioner is not present and the respondent offers evidence constituting a defense, the court, upon the request of either party, shall continue the hearing to permit the acquisition of further evidence. There is nothing in this record to indicate that any such request was made. In any event, the department could hardly claim surprise because the father's lawyer had already requested discovery of the wife's current financial condition. Because there is no transcript of the hearing, we cannot say that the court erred in concluding that the circumstances were sufficiently changed as to warrant the reduction in the amount of support.
The fact that the Florida court has chosen to enforce the payment of a lesser amount of support will have no effect upon the North Carolina judgment. See McEvily v. McEvily, 140 Vt. 279, 437 A.2d 1110 (1981). The arrearages will continue to accumulate subject to appropriate credit for any payments made under the Florida order. § 88.281, Fla. Stat. (1981); North Carolina Gen.Stat. §§ 52A-1 through 52A-32.
We reverse that portion of the order which conditioned the payment of support upon visitation and directed the accumulation of payments for transmittal to the wife on an annual basis. In all other respects, the order is affirmed.
SCHEB and RYDER, JJ., concur.