429 So.2d 1351 (1983)
STATE of Florida, ex rel. Nancy Irene ROCK, Appellant,
v.
William E. ROCK, Appellee.
No. 82-2187.
District Court of Appeal of Florida, Second District.
April 20, 1983.
Joseph P. D'Alessandro, State Atty., and Hernan Castro, Asst. State Atty., Naples, for appellant.
William D. Kramer, Marco Island, for appellee.
SCHEB, Judge.
This appeal addresses two issues: (1) whether enforcement of child support payments under the Uniform Reciprocal Enforcement of Support Act (URESA) can be conditioned on grant of visitation rights, and (2) whether the court may direct that support payments be paid to the parent instead of the clerk of the court.
William and Nancy Rock were divorced in Ohio in 1974. Their Ohio divorce decree awarded custody of their minor child to the mother and ordered the father to pay child support. Sometime later, the father moved to Naples, Florida, and ceased making his support payments. Then, in May 1980, the mother initiated an action in Ohio under URESA. Pursuant to that act, the trial court in Florida held a hearing and entered an order requiring the father to provide support payments. As amended on February 27, 1981, the order required the support payments to be paid to the clerk of the circuit court for Collier County.
When the father failed to carry out his support obligation, the court held another hearing. The record contains no transcript of this hearing, but the father evidently complained about problems of visitation with his child. The court, on August 30, 1982, again ordered that the support payments be paid to the clerk of the circuit court; however, the court conditioned the mother's receipt of those payments on her granting reasonable visitation privileges to the father. The order further provided *1352 that once those visitation rights were established, the support payments would be made directly to the mother. This appeal ensued with the mother challenging the court's order.
The only matter that can be addressed in a URESA proceeding is that of support. Florida Department of Health & Rehabilitative Services ex rel. Ciferni v. Ciferni, 429 So.2d 92 (Fla. 2d DCA 1983); Maloney v. Maloney, 396 So.2d 1227 (Fla. 2d DCA 1981); Grosse v. Grosse, 347 So.2d 1099 (Fla. 2d DCA 1977); Vecellio v. Vecellio, 313 So.2d 61 (Fla. 4th DCA 1975). Recently, in Ciferni, Judge Grimes noted that URESA apparently excludes any consideration of visitation because of the language contained in section 88.271, Florida Statutes (1981): "The determination or enforcement of a duty of support owed to one petitioner is unaffected by any interference by another petitioner with rights of custody or visitation granted by a court." Therefore, the trial court erred in tying the release of support money to the determination of reasonable visitation rights.
The trial court also erred in requiring that payments be made directly to the wife. Payment to the clerk of the court is specifically required in sections 88.211 and 88.231(2), Florida Statutes (1981). The Ohio version of URESA appears to allow a direct payment such as the court ordered; however, it is the law of Florida, not Ohio, which applies here. § 88.081, Fla. Stat. (1981).
Accordingly, we reverse and remand with directions to the trial court to enter an order requiring that support payments be made to the clerk of the court for the mother's account without reference to visitation privileges.[1]
OTT, C.J., and HOBSON, J., concur.
NOTES
[1] Of course, questions regarding visitation may be raised in a separate proceeding.