COBB, Judge.
This case arose when Judy Mull, a resident of Gainesville, Georgia, sought an increase in child - support for her minor daughter, Aimee, from $90.00 to $300.00 per month, through a URESA action filed against her former husband, Phillip Trovil-lo, who now resides in Ocala, Florida. Pursuant to Trovillo’s consent, the trial court entered an order requiring payment of $80.00 per month directly to Aimee as an allowance and $120.00 per month as child support payable through the clerk of the court. The trial court found that insufficient grounds had been alleged to justify a modification, but entered the order based on Trovillo’s consent. The trial court also required Mull to file a quarterly accounting showing expenditures made for the child, and denied her motion for attorney fees. The Department of Health and Rehabilitative Services appeals on behalf of Mull.
We agree with appellant that it was error for the trial court to order the $80.00 payments directly to the child rather than to the clerk of the court of the responding state (Florida). See §§ 88.211 and 88.-231(2), Fla.Stat. (1985); see also, State ex rel. Rock v. Rock, 429 So.2d 1351 (Fla. 2d DCA 1983). The entire $200.00 monthly payment should be made to the clerk of the court.
Appellant also challenges the trial court’s finding that there were insufficient grounds alleged to justify modification. Appellant urges that the grounds were sufficient and that, in view of the evidence adduced, the trial court should have increased the monthly support to $300.00. We find this point to be without merit in view of the evidence that Trovillo’s financial circumstances have declined, while Mull’s have improved, since their divorce in 1977.
Appellant’s argument in regard to attorney fees must fail because that issue, determined by a separate order, was not preserved by a timely appeal. Appellant’s last point challenging the propriety of the quarterly accounting ordered by the trial court must also fail in light of the provisions of section 61.13(l)(a), Florida Statutes (Supp.1986), which provide, in pertinent part, that the trial court may “require the obligee to report to the court on terms prescribed by the court regarding the disposition of the child support payments.”
AFFIRMED in part; REVERSED in part; and REMANDED.
SHARP and COWART, JJ., concur.