LEHAN, Judge.
This case involves the broad question of whether a Florida court should give full faith and credit to an obligation of a Florida resident, an ex-husband, for alimony pursuant to an unappealed judgment of a court of another state which had obtained jurisdiction over the Florida resident when he had been a resident of that other state.
The parties were divorced pursuant to a Minnesota judgment in 1973. After the divorce, the husband moved to Florida. The wife stayed in Minnesota. When the husband became delinquent in his alimony and child support obligations under the Minnesota judgment, the wife filed in the Circuit Court of Pinellas County, Florida an action under the Uniform Reciprocal Enforcement of Support Act (“URESA”) to enforce those obligations. In that action the Florida court in 1976 entered an order requiring the husband to pay an apparently reduced amount of alimony and child support as compared to that called for by the Minnesota judgment. Later in 1976 the Minnesota court affirmed the husband’s alimony and support obligations under the 1973 Minnesota judgment.
In 1977, the husband petitioned the Circuit Court of Pinellas County to modify his alimony obligation. The petition apparently was to modify the 1976 order. On July 7, 1977 the Florida court modified its 1976 order by terminating the husband’s alimony obligation contained therein. His child support obligation under the 1976 order *934 remained intact. There was no appeal from the 1976 or the 1977 order.
In 1983, the wife obtained from the Minnesota court a judgment for arrearages owed under the 1973 Minnesota judgment. The arrearages apparently represented monies for alimony accruing subsequent to the 1977 Florida order. While the husband had contested those arrearages in the Minnesota court and had moved to modify his Minnesota alimony obligation on the basis of changed circumstances, the Minnesota court found no sufficiently changed circumstances and denied his motion. He did not appeal from the 1983 judgment, nor had he appealed from the 1973 judgment.
In 1984, the wife sought to enforce in the Circuit Court of Pinellas County the 1983 Minnesota judgment for arrearages. The Florida court, however, ruled that that judgment “is not entitled to full faith and credit” in Florida. We reverse in that respect.
The particular issue before us under these circumstances may be stated as follows: whether a Florida court may properly refuse to give full faith and credit to a judgment against an ex-husband, a Florida resident, for alimony arrearages entered by a court of another state pursuant to an initial judgment in that other state when those judgments were not appealed and have not been shown to be defective in any jurisdictional or other due process respect and when there had been, between the time of the initial judgment and the time of the judgment for arrearages, an intervening Florida court order terminating the husband’s alimony obligation under a previous, similarly intervening Florida court order which had partially enforced the alimony and child support obligations established by that initial judgment.[1] We hold that a Florida court may not properly so refuse. See Florida Dep’t of Health & Rehabilitative Services v. Ciferni, 429 So.2d 92, 94 (Fla. 2d DCA 1983). There has been no meritorious challenge by the husband to the validity of the 1973 or the 1983 Minnesota judgment. See Dusesoi v. Dusesoi, 498 So.2d 1348 (Fla. 2d DCA 1986); Futterman v. Gerber, 109 So.2d 575 (Fla. 1st DCA 1959).
As this court said in Cifemi regarding the type of circumstance involved in the case at hand,
The fact that the [intervening] Florida court had chosen to enforce the payment of a lesser amount of support [i.e., less than that previously fixed by a North Carolina judgment] will have no effect upon the North Carolina judgment. The arrearages [under the North Carolina judgment] will continue to accumulate subject to appropriate credit for any payments made under the Florida order.
429 So.2d at 94 (citation omitted). See also McEvily v. McEvily, 140 Vt. 279, 437 A.2d 1110, 1111 (1981), which is cited in Cifemi. Similarly here, the fact that an intervening Florida court in 1977 had chosen to terminate the alimony portion of the child support and alimony obligation as previously partially enforced by the Florida court should have no effect upon the Minnesota 1973 initial judgment and 1983 judgment for arrearages. Cf. Ray v. Pentlicki, 375 So.2d 875, 878 (Fla. 2d DCA 1979) (“[A] support order made by a court of this state pursuant to URESA does not nullify ... a support order made by a court of any other state pursuant to a substantially similar act or other law, regardless of the priority of issuance, unless otherwise specifically provided by the court.”); Stephens v. Stephens, 402 So.2d 1301 (Fla. 1st DCA 1981).
The husband argues that Pace v. Pace, 222 Va. 524, 281 S.E.2d 891 (1981), calls for an affirmance. However, to the extent Pace may be considered to be in conflict with our holding, we would not agree with that case.
Whether the Minnesota judgment for ar-rearages should be enforced in Florida is *935 not before us. See Dusesoi, 498 So.2d at 1350; McEvily, 437 A.2d at 1111. See also Helmick v. Helmick, 436 So.2d 1122, 1124-32 (Fla. 5th DCA 1983) (Cowart, J., concurring specially) for a pertinent and helpful explanation of URESA.
Reversed and remanded for proceedings not inconsistent herewith.
RYDER, A.C.J., and DANAHY, J„ concur.

. This case has been argued as though the July 7, 1977, Florida order modified the husband’s obligation under the 1973 Minnesota judgment, rather than his obligation under the 1976 Florida order. While, as we have indicated, that 1977 Florida order appears to have referred only to the 1976 Florida order, the result we reach would be the same if the 1977 order had referred to the 1973 judgment.