553 A.2d 263

**Albert Harry WEIDNER**

v.

**Barbara Amelia WEIDNER.**

**No. 833, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Feb. 9, 1989.

David J. Preller, Jr. (Samuel M. Grant and Preller and Preller, on the brief) Baltimore, for appellant.

Joseph J. Wase (Wase, Lyons and Fedock, P.A., on the brief) Towson, for appellee.

Submitted before GILBERT, C. J., and KARWACKI and FISCHER, JJ.

KARWACKI, Judge.

Albert Harry Weidner appeals from an order of the Circuit Court for Anne Arundel County (Cawood, J.) imposing a lien upon the retirement benefits due appellant by the United State's Social Security Administration. Acting pursuant to §§ 10–120 *et seq.* of the Family Law Code Ann., the

court ordered that $94.60 be withheld from appellant's monthly Social Security payments and remitted to Barbara Amelia Weidner, the appellee, to satisfy the future alimony due her by appellant and to reduce his $12,660.00 arrearage in unpaid alimony.

Appellant poses three questions for our review:

I. Whether the trial court erred in holding that the Uniform Reciprocal Enforcement of Support Act (URESA) precludes a court from modifying the support order of a sister state.

II. Whether the trial court erred in failing to take account of the 1968 Florida decree, in view of the full faith and credit clause and in view of the fact that the appellee had never pleaded that the Florida decree be set aside.

III. Whether the trial court erred by failing to hold that laches barred the appellee's action, when the appellant had suffered prejudice as a result of the appellee's failure to act in a 19 year period.

We answer all three questions in the negative and affirm.

### FACTS

Appellant and appellee were married on January 2, 1942. Two sons were born of this union: Gary Allen Weidner, on July 20, 1946 and Albert Harry Weidner, Jr., on August 24, 1948. On April 12, 1965, appellant was granted an absolute divorce from the appellee by the Circuit Court for Anne Arundel County. The divorce decree ordered appellant to pay $10.00 per week in child support for his dependent son, Albert, and $20.00 per week as alimony to appellee "during the joint lives of the parties or until the remarriage of the wife." No provision for the support of the parties' other son was made because he was then emancipated.

Soon thereafter, appellant established his domicile in Florida and stopped making payments for child support and alimony. Appellee sought the assistance of the State's Attorney of Baltimore City where she then resided. On

June 22, 1965, a petition was filed on behalf of appellee in the Circuit Court for Baltimore City and a certified copy thereof was transmitted to the Circuit Court for the Ninth Judicial Circuit of Florida, in and for Orange County. Invoking Maryland's version of the Uniform Reciprocal Enforcement of Support Act (URESA), then codified as Md. Code Ann. Article 89C §§ 1–39 (1957, 1964 Repl.Vol.1965 Cum.Supp.), appellee sought to enforce appellant's duty to pay child support and alimony. On July 27, 1965, the Circuit Court for Orange County ordered the appellant to pay $20.00 per week as support for "his Dependents, Barbara A. Weidner and Albert Harry Weidner, Jr." without allocating that payment between alimony and child support.

On March 29, 1968, appellant filed a petition, in this same Florida court, for a reduction of his support obligation to $10.00 per week on the ground that his earnings had decreased. Notwithstanding the limited relief sought by appellant in his petition for reduction of his support obligation, the court, without holding a hearing, entered the following order:

> The above styled cause having come on before this Court for an Order terminating the Respondent's duty to support his two minor children, to-wit: Garry [sic] Allen Weidner and Albert Harry Weidner, Jr., on the grounds that said Respondent has no further legal duty to support said minor children, and it appearing to the Court from information received from the Court in the initiating state that the Respondent's son Garry [sic] Allen Weidner is now 21 years of age and the Respondent's son Albert Harry Weidner, Jr., became self-supporting on April 2, 1968, and this Court therefore being of the opinion that the Respondent has no further legal duty to support said minor children, however, it further appearing to the Court that as of April 2, 1968 the Respondent was in arrears for support of said minor children in the sum of $131.25 and that the Respondent has a legal duty to pay said arrearage, it is thereupon

ORDERED AND ADJUDGED that the support payments required of the Respondent by Order of this Court dated July 27, 1965, be and the same is hereby terminated as of April 2, 1968, and it if further

ORDERED AND ADJUDGED that the Respondent be and he is hereby required to pay the sum of $131.25, which is the total arrearage under the aforesaid Order of this Court as of April 2, 1968, by paying the sum of $40.00 each month beginning on May 1, 1968 until said arrearage is liquidated, said payments to be made to the Honorable Arthur W. Newell, Clerk of this Court in the manner provided by the aforesaid Order of this Court, and it is further

ORDERED AND ADJUDGED that upon the Respondent having paid the total sum of $131.25 to the Clerk of this Court as above provided that this cause be and the same is hereby automatically dismissed.

DONE AND ORDERED in Chambers at Orlando, Orange County, Florida, this 16th day of April, 1968.

The record of the Florida court proceedings does not reflect that appellee received a copy of appellant's petition for reduction or a copy of the April 16, 1968 order. It does, however, show that a copy of that order was mailed to the Clerk of the Circuit Court for Baltimore City.

Appellee testified that when she received the last check from appellant sometime in 1968, it bore a notation that "this is the last of it." No further efforts were made by appellee to collect alimony from appellant over the following 19 years.

In 1986, appellee became eligible for Social Security benefits. When she and her brother visited the Social Security office to apply for such benefits, she was informed that the Social Security Administration required a copy of her divorce decree. After receiving a copy of the decree from the Circuit Court for Anne Arundel County, appellee noted that she was owed a continuing obligation of alimony by appellant. On October 19, 1987, appellee filed the instant proceeding in the Circuit Court for Anne Arundel County.

## I. The Florida URESA Orders

 URESA, as promulgated by the National Conference of Commissioners on Uniform State Laws in 1950, was adopted in Maryland by Chapter 301 of the Acts of 1951 and in Florida by Chapter 29 of its Laws of 1955. The purposes of this uniform act are to improve by reciprocal legislation the enforcement of the duties of spousal and child support and to make uniform the law with respect thereto. A URESA proceeding is commenced when a person, to whom a duty of support is owed, files a petition in a court of the state in which that person resides (the initiating state). After determining that a duty of support exists, the court in the initiating state forwards the petition to a court of the state where the individual allegedly owing a duty of support resides (the responding state). The court of the responding state must obtain jurisdiction over that person, hold a hearing, and determine whether a duty of support exists, and if so, the extent of that duty. In determining whether and to what extent a duty of support is imposed or imposable, it is the law of the responding state which governs. *Commonwealth of Virginia v. Autry*, 293 Md. 53, 58–59, 441 A.2d 1056 (1982). Thus, "a responding state court has the authority to issue an independent order fixing an amount of support different from that previously ordered by a court." *Id.* at 64, 441 A.2d 1056; *Accord: Koon v. Boulder County Dept. of Soc. Services*, 494 So.2d 1126, 1129 (Fla.1986). Notwithstanding the authority vested in the court of the responding state to make its decision on whether the alleged obligor owes a duty of support and the extent thereof in conflict with any prior order of a court in the initiating state, its URESA order does not nullify the order of the initiating state fixing the support obligation of the obligor. Section 88.281 of Florida Statutes Ann. (1964) which was in effect at the time of the orders in this case provided:

> Any order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce or

separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both.[1]

This principle is well illustrated in *Fla. Dept. of Health & Rehab. Sec. v. Ciferni*, 429 So.2d 92 (Fla.App. 2 Dist.1983). In that case the court in the responding state under URESA, Florida, ordered the obligor to pay child support in an amount less than that ordered by the North Carolina Court which had divorced the parties and ordered the noncustodial father to contribute to the support of his children. In affirming that order, the Florida intermediate court commented upon the antisupersession provision of § 88.281 of Florida Statutes Ann., *supra:*

> The fact that the Florida court has chosen to enforce the payment of a lesser amount of support will have no effect upon the North Carolina judgment. *See McEvily v. McEvily*, 140 Vt. 279, 437 A.2d 1110 (1981). The arrearages will continue to accumulate subject to appropriate credit for any payments made under the Florida order. § 88.281, Fla.Stat. (1981); North Carolina Gen. Stat. §§ 52A–1 through 52A–32.

*Id.* at 94.

This view agrees with the great weight of authority in other jurisdictions which have addressed the question. Those courts have held that the antisupersession provision of URESA means that the initiating state will not be bound by the terms of a support order of a responding state when the initiating state considers a subsequent petition for modification or calculates arrearages due under the original support

---

**1.** Maryland's counterpart of this URESA antisupersession provision was codified at the time as Md.Code Ann. Article 89C § 29. It provided:

> No order of support issued by a court of this State when acting as a responding state shall supersede any other order of support, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both.

order. The cases are collected in Annot. 31 A.L.R.4th 347, 365–381 (1984).

■ Accordingly, whatever the intent of the Florida court with regard to appellant's duty to pay spousal support when it entered its somewhat ambiguous orders of July 27, 1965 and April 16, 1968, we hold that the judgment entered by the Circuit Court for Anne Arundel County on April 12, 1965 was not superseded or nullified. Judge Cawood correctly ruled that appellee was entitled to enforce that judgment by seeking a lien on the Social Security benefits due appellant.[2]

## II. Full Faith and Credit

■ Appellant argues that the hearing court violated the Full Faith and Credit Clause of Article IV of the United States Constitution by "ignoring" the Florida decree. This contention is meritless. As explained in Section I, *supra,* of this opinion, Florida's version of the URESA antisupersession statute, on its face, states that the entry of an order of support by a Florida court in a URESA proceeding, when Florida is the responding state under the Act, does not supersede the original support order of the initiating state under the Act. Under the URESA statutes enacted in both states, the judgments entered by the courts of each state are effective independently of each other. *Oglesby v. Oglesby,* 29 Utah 2d 419, 510 P.2d 1106, 1107 (1973).

## III. Laches

■ Finally, appellant contends that the court erred in failing to find that appellee's effort to collect the alimony awarded her in 1965 was barred by the doctrine of laches. Laches has been defined as "an inexcusable delay, without necessary reference to duration, in the assertion of a right, and, unless mounting to the statutory period of limitations, mere delay is not sufficient to constitute laches, if the delay

---

**2.** Family Law Code Ann. § 10–101(c) defines "earnings" to include Social Security payments.

has not worked a disadvantage to another." *Bradford v. Futrell,* 225 Md. 512, 525, 171 A.2d 493 (1961). *See also Inlet Associates v. Assateague House,* 313 Md. 413, 438–39, 545 A.2d 1296 (1988). Before the defense of laches may be successfully invoked, two elements must be shown: (1) an undue lapse of time; and, (2) some disadvantage or prejudice to the party asserting the defense. *Van Schaik v. Van Schaik,* 35 Md.App. 19, 24, 369 A.2d 133 (1977).

At the hearing, appellee testified that when she received the final check from appellant sometime in 1968, there was a notation on the check indicating that it was the last one due her. Appellant testified that he did not remember writing such a statement on the check. Appellee further testified that she accepted appellant's position as valid and saw no reason to take further action against him to continue her support. She did not believe she had any rights remaining. It was only after reviewing her divorce decree in 1986 that appellee determined that she was owed a continuing duty of support from appellant. When appellee discovered that she was entitled to alimony, she promptly filed the instant proceeding to enforce that judgment.

Appellant argues that he has been prejudiced by appellee's inexcusable delay in asserting her rights. Appellant contends that had he known that he would have been "saddled" with a $12,660.00 debt at this time in his life, he would have modified his expenses over the past 19 years. Appellant, however, offered no evidence which showed that he had changed his position relying on the belief that he was no longer responsible for alimony payments to his ex-wife.

Under the circumstances of this case, we do not perceive any error in the court's refusal to apply the doctrine of laches. The appellee did not claim that she was entitled to arrearages in alimony for more than 12 years, acknowledging the limitation on collection of judgments imposed by § 5–102(a)(3) of the Cts. and Jud.Proc.Code Ann. (1984). *Bradford v. Futrell, supra,* 225 Md. at 521–525, 171 A.2d

493. As to enforcement of the judgment for alimony in the future, appellant can hardly claim prejudice from appellee's exercise of her right to enforce that valid judgment.

JUDGMENT AFFIRMED;

COSTS TO BE PAID BY THE APPELLANT.