HALL, Judge.
Ann Marie Towne and the Department of Health and Rehabilitative Services challenge the order temporarily suspending Dale Buckingham’s obligation to provide child support for the minor daughter of Towne and Buckingham. We reverse.
Pursuant to Towne’s petition under the Uniform Reciprocal Enforcement of Support Act, the trial court entered an order setting Buckingham’s monthly support obligation. In that order, the court also stated that if Towne did not cooperate with Buckingham in allowing him visitation, it would suspend Buckingham’s support obligation.
The trial court did not have authority to condition the receipt of child support payments pursuant to URESA on Towne’s compliance with directives regarding Buckingham’s visitation with their daughter. § 88.-271, Fla.Stat. (1991); Rock v. Rock, 429 So.2d 1351 (Fla. 2d DCA1983). Thus, unfortunately, the state of the law is such that Buckingham must go back to Indiana and file a contempt motion in the original dissolution proceedings in order to enforce his visitation rights.
The order suspending Buckingham’s obligation to provide child support for his daughter is reversed, and this cause is remanded with directions consistent herewith.
Reversed and remanded.
DANAHY, A.C.J., and PATTERSON, J., concur.